## SCHUBERT v. FIRST NAT. BANK OF RAYMONDVILLE.
### No. 8636.

Court of Civil Appeals of Texas. San Antonio.
June 17, 1931.

Jesse G. Foster, of Raymondville, for appellant.

Davis E. Decker, of Raymondville, for appellee.

### FLY, C. J.

This is a suit on a promissory note for $612 instituted by appellee against appellant. A jury was instructed to return a verdict for the debt, interest, attorney's fees, and costs in favor of appellee, and, upon the verdict so rendered, judgment was given for appellee.

The note was executed by appellant to the San Perlita Development Company, and the defense was that the note was obtained by fraud, and that appellee knew of the fraud when it obtained the note, and consequently was not an innocent purchaser. Evidently the

court did not think there was any testimony sustaining the defense, and the action of this Court must be based on the evidence disclosed by the statement of facts. There is no evidence tending to show that appellee had notice of any fraud in obtaining the execution of the note by appellant. The note was bought and paid for by appellee before it was due, and without any notice of any defects in it. It was a negotiable instrument, and value was paid for it. There was no evidence tending to show that the note was not bought in good faith, for value, without notice.

The application for a continuance to make parties, on appearance day, to show that fraud had been used to obtain execution of the note, was properly overruled. It was not essential to the defense of appellant that he have the payees of the note as parties to the suit. The evidence of appellant failed to show any fraud upon the part of the payees, or any default made in performing any part of the sale of the land to appellant. The note was executed September 2, 1929, before the great financial depression had begun to be felt, and the note became due in September, 1930, when the depression was in full swing, and there may or may not be connection between those facts and the disinclination of appellant to pay his note. However that may be, the evidence showed, without the slightest contradiction, that appellee was an innocent purchaser of the note.

The judgment is affirmed.